**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**SEPTEMBER SESSION, 1998**

FILED

October 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 03C01-9708-CC-00348 |
| **Appellee** | ) | |
| | ) | **BLOUNT COUNTY** |
| **vs.** | ) | |
| | ) | Hon. D. Kelly Thomas, Jr., Judge |
| **MELISSA ANN SWEAT,** | ) | |
| | ) | **(Sentencing)** |
| **Appellant** | ) | |

For the Appellant:

**Shawn G. Graham**
Asst. District Public Defender
419 High Street
Maryville, TN 37804

**Raymond Mack Garner**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Todd R. Kelley**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Michael L. Flynn**
District Attorney General

**Philip Morton**
Asst. District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Melissa Ann Sweat, appeals the sentencing decision of the Blount County Circuit Court following her April 1997 guilty plea to one count of felony failure to appear. Specifically, she contends that the trial court erred by ordering her to serve her eighteen month sentence in the Department of Correction rather than granting her an alternative sentence.

After a review of the record, we affirm the judgment of the trial court.

## Background

In 1995, the appellant was convicted of facilitation of aggravated burglary and facilitation of theft, in case C-8870.[1] Pursuant to a plea agreement, the trial court imposed an effective sentence of two years.[2] The appellant was ordered to serve twenty-eight days of periodic weekend confinement followed by placement in the Community Corrections program for the remainder of her sentence.

On the specified report date of November 26, 1996, the appellant failed to appear at the Blount County Jail for the purpose of serving her sentence in case C-8870. As of this date, the appellant had completed seventeen days of her ordered twenty-eight day period of confinement. As a result of this conduct, the appellant was indicted for the offense of felony failure to appear. On April 29, 1997, the appellant entered a guilty plea to the indicted charge. In May 1997, the trial court revoked the appellant's Community Corrections sentence in case C-8870 for failing

---

[1]The appellant testified that these convictions arose from an event in 1994. She stated that her two co-defendants, Donnie Parton and Timothy Inman, Sr., broke into her neighbor's house. The appellant denied any knowledge of her co-defendants intent to burglarize the house. However, she did admit that she assisted the two men after the crime occurred.

[2]The presentence report reflects an effective sentence of two years for these offenses. However, at the sentencing hearing, the appellant testified that the court imposed an effective sentence of two years, eleven months, and four days for these offenses.

2

to report to the jail and ordered confinement in the Department of Correction.[3]    As part of her plea agreement in the instant case, the appellant agreed to an eighteen month sentence as a range I offender with the sentence to run consecutive to the sentence in case C-8870.[4]  Pursuant to the plea agreement, the manner of service of this sentence, for "failure to appear," was submitted to the trial court for its determination.

The sentencing hearing was held on August 5, 1997.  The presentence report reveals that the appellant was, at the time of the sentencing hearing, twenty-six years old and the mother of an eight year old child.  The appellant has a prior criminal history consisting of facilitation of aggravated burglary, facilitation of theft of property, and simple possession of marijuana.  The appellant voluntarily admitted to her Community Corrections officer that she had used illegal drugs while under this sentencing option.

The appellant presents a deteriorating medical history with a dismal prognosis for recovery.  She complains of cirrhosis of the liver, hepatitis C, asthma, ITP bleeding disorder,[5] and kidney diseases.  She testified that she is not a candidate for a liver transplant.  She also indicated that she had made several suicide attempts in the past.  Additionally, the appellant admitted that she first began drinking alcohol when she was twelve years old.  She first used marijuana at the age of fifteen and cocaine at the age of nineteen.  In June 1995, the appellant began receiving Social Security disability income which provides her only source of income.

---

[3]The trial court's revocation of the appellant's Community Corrections sentence and denial of alternative sentencing was recently affirmed by a panel of this court. See State v. Sweat, No. 03C01-9710-CC-00459 (Tenn. Crim. App. at Knoxville, Aug. 20, 1998).

[4]It would appear that the appellant received little or no benefit from her plea bargain in this case.  Indeed, she agreed to be sentenced to consecutive sentences, Tenn. Code Ann. § 39-16-602(f), and agreed to an eighteen month sentence when the maximum within the applicable range is two years.

[5]The appellant defined "ITP" as a condition where her platelet count drops from 258,000 to 7,000, causing her to bleed internally.  She explained that the condition is due to her liver "tricking" her spleen into "thinking [she] need[s] more blood."

Although the record indicates that the appellant had unsuccessfully participated in two substance abuse programs, she maintains that she has been "clean" since August 7, 1996.

In explanation of her failure to appear at the Blount County Jail in November 1996, the appellant testified, "[I]t was a bad judgment call on my part. I should have called other parties instead of taking it upon myself to not come into jail."

After considering the evidence presented, the trial court denied any form of alternative sentencing.[6] Specifically, the trial court found that:

> the likelihood of [the appellant] being rehabilitated was [not] very high back in May or I wouldn't have revoked her probation. She has been clean for a year, which is admirable and very important. She has made some payments or some payments have been made on her behalf on restitution, and that is good. I think to serve a sentence like this just on probation would depreciate the seriousness of the offense. She does have a significant criminal history, not just the underlying burglary and theft related offense, but others than that -- besides that, and a long history of criminal behavior; that being drug abuse.

**Analysis**

The appellant challenges the trial court's denial of any form of alternative sentencing. Specifically, the appellant argues that she is a likely candidate for rehabilitation, she does not have a lengthy criminal history, she is not a dangerous or violent offender, and she was performing well on her Community Corrections sentence.

---

[6]Although the trial judge denied any form of alternative sentencing, the court remarked that, when her sentence in case 8870 expires, "I will have her evaluated at that time for Community Corrections. . . . So, what she does between now and that date . . . will determine whether or not she serves this sentence in confinement or if she's allowed to serve it in the community." This conclusion is incorrect. The trial court may not modify a sentence to the Department of Correction once the judgment becomes final. See Tenn. Code Ann. § 40-35-212(c); Advisory Commission Comments, Tenn. R. Crim. P. 35. The court does, however, retain jurisdiction to modify any sentence which is to be served in the jail or workhouse and to modify any Department of Correction sentence during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the Department. See Tenn. Code Ann. § 40-35-212(c), -212(d); Advisory Commission Comments, Tenn. R. Crim. P. 35.

4

When a challenge is made to the manner of service of a sentence, this court conducts a *de novo* review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d)(1997). This presumption only applies, however, if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the present case, because the trial court properly considered such principles, the presumption of correctness applies. Moreover, the appellant bears the burden of showing that the sentence imposed by the trial court is improper. See Tenn. Code Ann. § 40-35-210(b)(3)(1997).

In determining the appellant's suitability for an alternative sentence, we first determine whether the appellant is entitled to the statutory presumption that she is a favorable candidate for alternative sentencing. State v. Bingham, 910 S.W.2d 448, 453 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995) (citing State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993)). To be eligible for the statutory presumption, three requirements must be met. The appellant must be convicted of a class C, D, or E felony. Tenn. Code Ann. § 40-35-102(6) (1997). She must be sentenced as a mitigated or standard offender. Id. And, she must not have a criminal history evincing either a "clear disregard for the laws and morals of society" or "failure of past efforts at rehabilitation." Tenn. Code Ann. § 40-35-102(5). Although the appellant is a range I standard offender of a class E felony, she does not fall within the parameters of Tenn. Code Ann. § 40-35-102(5). Therefore, she is not afforded the presumption favoring alternative sentencing.

Moreover, we conclude that, even if the appellant was entitled to the presumption, the presumption is rebutted by "evidence to the contrary." Such evidence may be found in the presentence report, the evidence presented by the State, the testimony of the accused, or any other source provided that it is part of the record. Bonestel, 871 S.W.2d at 167; see also Tenn. Code Ann. § 40-35-

5

102(6). Guidance as to what constitutes "evidence to the contrary" may be found in the sentencing considerations codified in Tenn. Code Ann. § 40-35-103 (1997). Bingham, 910 S.W.2d at 454 (citing Ashby, 823 S.W.2d at 169).

Although the appellant's prior criminal history only includes one conviction that is unrelated to the present charge, the presentence report reflects that the appellant has an extensive history of illegal substance abuse. Such abuse constitutes a past history of criminal behavior. Tenn. Code Ann. § 40-35-103(1)(A). Moreover, the appellant has previously been afforded the opportunity to participate in alternative sentencing and, obviously, this attempt at rehabilitation failed. Tenn. Code Ann. § 40-35-103(1)(C). Not only did the appellant fail to appear at the jail for service of her sentence, but she also was delinquent in her court ordered restitution payments, which were often paid by her mother, and she voluntarily admitted to drug use while in the Community Corrections program. Finally, to not confine the appellant for failing to appear for service of a sentence would only serve to depreciate the seriousness of the offense by rendering her conviction thereon a nullity. Tenn. Code Ann. § 40-35-103(1)(B).

Upon *de novo* review, we conclude that, because she does not fall within the parameters of Tenn. Code Ann. § 40-35-102(5), the appellant is not entitled to the presumption favoring alternative sentencing. Moreover, even if the presumption applied, we conclude that confinement is justified based upon the appellant's history of criminal conduct, her failure at past efforts of rehabilitation, and the seriousness of the offense. Tenn. Code Ann. §§ 40-35-103(1)(A), -103(1)(B), -103(1)(C). The appellant has failed to establish that the sentencing decision of the trial court is improper. The record supports the trial court's determination denying the appellant a non-incarcerative sentence.

Accordingly, the judgment of the trial court is affirmed.

                                  _____

DAVID G. HAYES, Judge


CONCUR:


_____

JOHN H. PEAY, Judge


_____

JOSEPH M. TIPTON, Judge